**FEDERAL DEPOSIT INSURANCE CORPORATION, Liquidating Agent of Chicopee Bank and Trust Company, Plaintiff**
vs.
**Norton H. GOLDSTEIN, Defendant**

### No. 329

District Court/Hampden, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**July 8, 1982**

Richard Corbert, Esq., counsel for plaintiff
Norton H. Goldstein, Pro Se, counsel for defendant

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting in Springfield upon report from the Springfield Division of the District Court Department and it was found and decided that there was no prejudicial error.

It is hereby

ORDERED: That the Clerk of the Springfield Division of the District Court Department make the following entry in said case on the docket of said Court, namely: Report Dismissed.

Date Opinion Certified:        Date: July 8, 1982

Allan McGuane, Justice
Bernard Lenhoff, Justice
Mel L. Greenberg, Justice

Opinion filed herewith.

Robert E. Fein, Clerk

## OPINION

McGuane, J. This is a case on a promissory note which was executed by the defendant and one Jerome J. Forbes in favor of the Chicopee Bank & Trust Company in the principal sum of $10,180.01 at 8% interest. The plaintiff is liquidating agent for said bank. The defendant, in his answer, set up the defenses of want of consideration, mutual mistake of fact and law of estoppel.

The trial court found for the plaintiff in the amount of $14,823.06 which included an attorney's fee of $2,964.61.

At the trial there was evidence tending to show that the defendant and the said Jerome J. Forbes had a real estate partnership doing business as Times Development Company. In 1969 the defendant and Forbes signed a note with Chicopee as follows:

"Jerome J. Forbes
Norton H. Goldstein
D/B/A Times Development
Company"

for the principal sum of $9,000.00.

In 1970 the partnership filed for an arrangement under Chapter XI relating to bankruptcy. Chicopee was listed as a creditor for the 1969 note. On March 12, 1970 Chicopee signed an acceptance to a Plan of Arrangement for a 10% payment on its claim which at that time was for the sum of $10,856.25. On July 20, 1980 a final decree was entered in the Bankruptcy Court.

On November 1, 1972 the note in question was signed by the defendant and Forbes although no further funds were advanced. There was evidence that the Chapter XI arrangement did not extinguish their personal liability on the prior note. There also was evidence that they wished to preserve their credit standing. Forbes later went through personal bankruptcy proceedings.

The first issue presented in this appeal is whether or not the discharge of the partnership in bankruptcy also discharges the individual partners?

The Bankruptcy Act of 1938 as amended, Section 5J states:

"The discharge of a partnership shall not discharge the individual general partners thereof from the partnership debts. A general partner adjudged a bankrupt either in a **joint act** or **separate proceedings** may, pursuant to the provisions of this act, obtain a discharge from both his partnership and individual debts". **Collier on Bankruptcy** Par. 9.32 (10) 14th Edition.

Also in **Collier Bankruptcy Manual** Section 5.06 states:

"Under Section 5J the liability of individual general partners for the firm debts is not released by the discharge of the partnership but the individual partner when adjudicated either **in a joint or separate proceeding,** may obtain a discharge from both his partnership and individual debts".

In this case the only petition for bankruptcy was for the partnership. Mr. Forbes subsequently filed individual bankruptcy. The defendant has not.

On this issue of consideration for the second note we agree with the trial judge that there was adequate evidence of consideration. Finding no prejudicial error, the report is dismissed.

**Allan McGuane, Justice**
**Bernard Lenhoff, Justice**
**Mel L. Greenberg, Justice**

This certifies that this is the OPINION of the Appellate Division in this cause.

**Robert E. Fein, Clerk**